UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DWAYNE JOHNSON and JOSEPH ROZIER,   DKT#: 14-CV-3313

                              Plaintiffs,   **SECOND AMENDED COMPLAINT**

        - against -   **JURY TRIAL DEMANDED**

                                                  **ECF CASE**

THE CITY OF NEW YORK,
DETECTIVE KIRK FERNANDES (Shield No. 02531),
and P.O. "JOHN DOE" # 1-10, individually and in their
official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------------x

      Plaintiffs, DWAYNE JOHNSON and JOSEPH ROZIER, by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.  This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

      3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, DWAYNE JOHNSON and JOSEPH ROZIER, are citizens of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. The incident occurred on April 18, 2014, on Flushing Avenue, in Kings County, between the approximate hours of 1pm and 3pm.  On that date and at that approximate time, the Plaintiff, Dwayne Johnson, was driving a motor vehicle along Flushing Avenue, in Brooklyn.  The Plaintiff, Joseph Rozier, was a passenger in the vehicle that was being driven by the Dwayne Johnson.  Both Plaintiffs were driving along Flushing Avenue in Kings County and were traveling East bound in the direction of Maspeth, Queens.  At the time Plaintiffs were stopped they were a number of blocks passed the cross street of Morgan Avenue, which was approximately at or near the cross streets of Vandervoort Avenue and/or Porter Avenue; the exact location and exact cross streets are subject to further discovery.

14. While traveling along Flushing Avenue, and at or near the cross streets of Vandervoort Avenue and/or Porter Avenue, a van pulled up in front of the Plaintiffs' vehicle blocking the Plaintiffs' path of travel.

15. DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10 jumped out of the van wearing full police body armor, including bullet proof vests, with guns pointing at the Plaintiffs.

16. At gunpoint, DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10 forced the Plaintiffs to exit the vehicle.

17. DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10 frisked and physically searched both Plaintiffs.

18. One of the "JOHN DOE" police officers who frisked and physically searched

JOSEPH ROZIER also frisked, touched, and fondled JOSEPH ROZIER's groin and genitals as part of the search.

19. DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10 told the Plaintiffs that they were under arrest.

20. DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10 handcuffed the Plaintiffs.

21. DETECTIVE KIRK FERNANDES (Shield No. 02531) and P.O. "JOHN DOE" # 1-10 searched the Plaintiffs' vehicle.

22. The roadside stop lasted approximately 1 hour.

23. The roadside stop, which lasted approximately 1 hour, amounted to an arrest or *defacto* arrest.  Both Plaintiffs were restricted in their movement, were handcuffed, and were not free to leave.

24. The Plaintiffs did not engage in any criminal conduct.  The Plaintiffs did not engage in any wrongdoing whatsoever.

25. The Defendant police officers did not have probable cause or reasonable suspicion to stop and search the Plaintiffs.

26. The Defendant police officers released the Plaintiffs at the scene where they were stopped.

27. The Plaintiffs were released from custody at the scene of the stop.

28. The Plaintiffs were not charged with any criminal conduct.

29. As a result of the foregoing, plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, both Plaintiffs were subjected to an illegal, improper and unlawful seizure of their persons without any probable cause, privilege, or consent.

38. The Plaintiffs were held for a roadside search of their persons and of the vehicle for unreasonable length of time in violation of Terry v. Ohio, 392 US 1 (1968) and its progeny.

39. That the seizure of both of the plaintiffs was objectively unreasonable and in violation of both plaintiffs' constitutional rights.

40. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause,

privilege or consent.

43. That the detention of both plaintiffs by defendants was objectively unreasonable and in violation of both plaintiffs' constitutional rights.

44. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. That the level of force employed by defendants against both Plaintiffs, which included numerous police officers in full body armor and protective gear pointing loaded firearms at the Plaintiffs, physically touching them, frisking them, searching them, and handcuffing them without probable cause to do so, and forcing them be subjected to handcuffing for approximately 1 hour while the Defendants searched the Plaintiffs and their vehicle, was objectively unreasonable and in violation of both Plaintiffs, constitutional rights.

47. As a result of the foregoing, the plaintiffs suffered, <u>inter alia</u>, psychological injuries, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop and search of their physical person and vehicle.

50. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

52. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to excessive force.

    (e) Subjecting persons to unreasonable traffic stops in violation of <u>Terry v. Ohio</u>, 392 US 1 (1968) and its progeny.

    (f) Subjecting persons to false arrest.

53. The foregoing customs, policies, usages, practices, procedures and rules of the

THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

54. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

55. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

56. As a result of the foregoing, plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## **DAMAGES AND RELIEF REQUESTED**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

59. By reason of the aforesaid conduct by defendants, each plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars

($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** DWAYNE JOHNSON and JOSEPH ROZIER each demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action.

Dated:  New York, NY
        October 17, 2014

By: */s/ Bryan Konoski*
_____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832